## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

JOHN RYAN PALACIOS WHITE,
DOB: 01/06/1988

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0376-16**
GPD Report No. 16-16475

**DECISION & ORDER
RE. PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION AND
IMPOSE JAIL SENTENCE**

This matter came before the Honorable Alberto E. Tolentino on April 10, 2025, for a Revocation Hearing. Defendant John Ryan Palacios White ("Defendant") was present with counsel Public Defender Stephen Hattori. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence filed on February 20, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

## BACKGROUND

On June 28, 2016, the Defendant was charged for the offenses of: (1) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony); and (2) DRIVING WITHOUT A LICENSE (As a Violation). *See* Indictment (June 28, 2016).

### A. Defendant White's Violations on Pre-Trial Release

While on pre-trial release, the Probation Services Division ("Probation") filed two (2) violations against the Defendant. On July 12, 2016, the Defendant received his first violation for the following reasons: (1) his failure to report to Probation three (3) times a week as ordered; and his first positive test for methamphetamine after submitting to a drug test with Probation. *See* 1st Violation Report (July 12, 2016). The Defendant was arraigned on July 13, 2016, where he waived his right to speedy trial. *See* Arraignment Hr'g Mins. at 8:57:54AM (July 13, 2016). Following his arraignment, the case was assigned to the Adult Drug Court on July 14, 2016. *See* Notice (July 14, 2016).[1]

For the second violation, the report indicated that the Defendant failed to report to Probation three (3) times a week as ordered on "July 5, 6, 8, 11, 13, 15, 18, 20, 22, 25, 27, and 29, 2016 and August 1 and 3, 2016." 2nd Violation Report (Aug. 4, 2016). Because the Defendant failed to appear for a court-ordered hearing, the court issued a bench warrant on August 8, 2016. *See* Bench Warrant (Aug. 9, 2016). Pending the warrant's return, the People deemed the Defendant legally eligible to participate in the Adult Drug Court I Program ("ADC I"). *See* Ppl.'s Decl. (Aug. 15, 2016). On October 13, 2016, the warrant was returned and addressed four (4) days later. *See* Return of Warrant Hr'g Mins. at 10:24:30AM (Oct. 17, 2016). The Defendant

---

[1] When charged, this case was originally assigned to the Honorable Vernon P. Perez.

remained confined at the Department of Corrections ("DOC") for the next few proceedings before the court.

On February 2, 2017, the Defendant received a clinical eligibility to participate in ADC I. *See* Decl. (Feb. 2, 2017). Pursuant to a Deferred ADC I Plea Agreement, the court deferred its acceptance of the Defendant's guilty plea for two (2) years as to the first charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Order After Hr'g (Apr. 13, 2017).[2]

## B. Defendant White's Violations in Adult Drug Court

While enrolled in ADC I, the Defendant accumulated fourteen (14) violations from Probation. Before receiving his first violation in ADC I, the Defendant excelled in the program. Not only did the court award him incentives, the Defendant was promoted to Phase III within the program for his progress. However, the Defendant received his first violation in ADC I on October 10, 2017. For the first violation, the report indicated that the Defendant failed to report to Probation for drug testing on September 25, 2017. *See* 1st Violation Report Phase III (Oct. 10, 2017). In addition, the Defendant failed to obey the laws of Guam when he "was charged with Burglary in CF0558-17." *Id.*

Prior to a Progress Hearing on December 12, 2017, the Defendant was released from DOC's custody and was reportedly back on track in ADC I as of November 7, 2017. *See* Progress Hr'g Mins. at 2:48:59PM (Nov. 7, 2017). On the day of the Defendant's next ADC I Progress Hearing, Probation filed a second violation report for the Defendant's failure to report for drug testing on December 11, 2017. *See* 2nd Violation Report Phase III (Dec. 12, 2017). Two days later, the Defendant received a third violation after he "admitted to smoking 'ice' on Tuesday,

---

[2] Upon the court deferring its acceptance of the Defendant's guilty plea, the court dismissed the Second Charge of DRIVING WITHOUT A LICENSE (As a Violation). *See* Order After Hr'g at 5 (Apr. 13, 2017).

December 12, 2017, via written declaration." Violation Report Phase III (Dec. 14, 2017). On December 19, 2017, the court sanctioned the Defendant four (4) days at DOC. *See* Progress Hr'g Mins. at 3:01:25PM (Dec. 19, 2017).

The Defendant's case was eventually assigned to the Honorable Anita A. Sukola on January 1, 2018. Less than a month after his release, Probation filed the Defendant's fourth violation for his failure to report three (3) times a week as ordered and to obey all laws of Guam. *See* 4th Violation Report Phase III (Jan. 5, 2018). The Defendant was charged with Terrorizing in CF0006-18. *Id.*[3]

For the Defendant's fifth violation, Probation reported his failure to report three (3) times a week for drug testing and for weekly group counseling sessions. *See* 5th Violation Report (May 10, 2018). When the Defendant did not report to another ADC I Progress Hearing, the court issued another bench warrant for his arrest. *See* Progress Hr'g Mins. at 10:24:48AM (May, 11, 2028).[4] Again, the Defendant received another violation from Probation for failing to report three (3) times a week for drug testing between the months of May and August. *See* 6th Violation Report Phase III (Aug. 15, 2018). For the Defendant's seventh violation, the Defendant "admitted via written declaration to smoking 'ice' on Monday August 13, 2018." 7th Violation Report Phase III (Aug. 16, 2018).

On September 13, 2018, Probation filed the Defendant's eighth violation after he failed to report for drug testing as ordered on several dates in August and September. *See* 8th Violation Report Phase III (Sept. 13, 2018). The following day, the court issued another bench warrant when he failed to appear for an ADC I Progress Hearing. *See* Bench Warrant (Sept. 14, 2018).

---

[3] The court notes that the Defendant was not held in this instant case while in confinement for CF0006-18. In that case, the Defendant was released on March 6, 2018, upon another court deferring his guilty plea. *See* Order After Hearing (CF0006-18) (Mar. 6, 2018); *see also* Release (CF0006-18) (Mar. 6, 2018).

[4] Prior to its return, the court vacated this bench warrant on August 15, 2018, after marshals arrested the Defendant on another warrant filed on June 20, 2018, in CF0006-18.

On October 1, 2018, the warrant was returned, which also led to the Defendant's ninth violation. *See* Return of Warrant Service (Oct. 1, 2018). For this violation, the Defendant "[f]ailed to refrain from ingesting/consuming illegal controlled substances," which he admitted through his written declaration to smoking ice prior to arrest. 9th Violation Report Phase III (Oct. 1, 2018). For the Defendant's eighth and ninth violations, the court sanctioned him thirty (30) days at DOC and ordered him to check in with Probation upon his release. *See* Return of Warrant Hr'g Mins. at 1:36:36 – 36:54PM (Oct. 1, 2018).

Shortly after serving his sanction at DOC, the Defendant received a tenth violation for his new charges in CF0654-18: Aggravated Assault, Family Violence, and Violation of a Court Order. *See* 10th Violation Report Phase III (Nov. 16, 2018). For the Defendant's eleventh violation, Probation indicated that he:

1. Failed to refrain from ingesting/consuming illegal controlled substances. On February 18, 2019, the probationer submitted to a drug test at the Probation Office which yielded presumptive positive results for methamphetamines. The probationer denied using any illegal drugs and his urine sample was sent for off-island confirmatory testing. On February 26, 2019 the Probation Office received confirmed results that the probationer's urine was positive for methamphetamine.

   This marks the probationer's 4th POS and 1st challenge urinalysis since entering the ADC I program.

2. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: February 25, 27, 2019; March 1, and 5, 2019.

11th Violation Report Phase III (Mar. 6, 2019). Two days later, the court issued another bench warrant for the Defendant's arrest after he failed to appear for his court-ordered ADC I Progress Hearing. *See* Progress Hr'g Mins. at 10:22:49AM (Mar. 8, 2019). Awaiting the warrant's return, Probation filed the Defendant's twelfth violation for his failure to report to Probation three (3)

times a week and to his weekly group counseling sessions. *See* 12th Violation Report Phase III (Nov. 21, 2019).

The court addressed the warrant's return on November 22, 2019, allowing the Defendant's release on the following Friday but also agreeing to his transfer out of ADC I. *See* Return of Warrant Hr'g Mins. at 1:23:13 – 27:11PM (Nov. 22, 2019). On November 26, 2019, the parties filed the Defendant's Stipulated Order Modifying Probation and Transferring Defendant from Adult Drug Court I. which ultimately deferred the court's acceptance of his guilty plea for another two (2) years. *See* Stipulated Order (Nov. 26, 2019). Despite the court releasing him in this matter on November 29, 2019, the Defendant remained held in his restitution case and set to be auto-released on December 15, 2019. *See* Further Proceedings Mins. at 10:14:17AM (Dec. 4, 2019). Following his auto-release, the court issued a summons for the Defendant's appearance in court when he was not present for his Progress Hearing on January 7, 2020. *See* Progress Hr'g Mins. at 10:43:42AM (Jan. 7, 2020).

Probation filed the Defendant's thirteenth violation after "[h]e failed to report on the following dates: December 23, 26, 27, and 30, 2019, the entire month of January 2020, and February 3, 5, 7, 10, 12, 14, 17, 19, 21, and 24, 2020." 13th Violation Report Phase III (Feb. 25, 2020). Although the Defendant was supposed to be transferred to traditional probation, the court instead issued a bench warrant for his arrest on February 28, 2020. *See* Bench Warrant (Feb. 28, 2020). Almost five years later, this warrant was returned on January 9, 2025. *See* Return of Warrant Service (Jan. 9, 2025). The court subsequently scheduled the Defendant's Revocation Hearing for February 20, 2025, and issued revocation petition and opposition deadlines for the People and the Defendant. *See* Return of Warrant Hr'g Mins. at 10:17:55AM (Jan. 16, 2025).

Prior to the Revocation Hearing, Probation filed the Defendant's fourteenth violation stating the Defendant's:

> Failure to obey all the laws of Guam. On January 16, 2025, [an] Indictment was filed against, the Defendant, in the Superior Court of Guam, for the charge of Assault on a Peace Officer (As a 3rd Degree Felony) 2 Counts Notice: Commission of a Felony While on Felony Release, in CF0019-25.

14th Violation Report Phase III (Jan. 27, 2025). On the day of the Defendant's Revocation Hearing, the People filed two motions: (1) People's Motion for Leave of Court to File the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence; and (2) People's Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion to Revoke"). Despite the People's lack of sufficient reason for not complying with the court's deadlines in anticipation of the Defendant's Revocation Hearing, the Defendant did not object to continuing the hearing. *See* Revocation Hr'g Mins. at 2:14:49 – 19:17PM (Feb. 20, 2025). Therefore, the court continued the Revocation Hearing to April 10, 2025, to allow the Defendant the opportunity to file his opposition to the People's Motion to Revoke. *Id.* The Defendant subsequently filed his Opposition to the Motion to Revoke ("Opposition") on March 7, 2025.

At the Revocation Hearing on April 10, 2025, the court heard from Probation and both parties to determine whether to revoke the Defendant's probation. Probation provided the court with the Defendant's history in this case, referencing his completed and pending probationary conditions. *See* Revocation Hr'g Mins. at 3:08:20 – 09:45PM (Apr. 10, 2025). The People requested the court to revoke his probation due to five (5) years of not reporting or complying with Probation. *Id.* at 3:10:49 – 11:47PM. In contrast, defense counsel addressed some of the treatment he previously completed before falling off track with Probation and asked the court to enter his guilty plea instead of revoking him. *Id.* at 3:11:50 – 13:08PM. The Defendant himself requested the court to give him one more chance to prove himself and seek help. *Id.* at 3:13:34 –

14:36PM. After hearing the parties' arguments, the court took the matter under advisement. *Id.* at 3:15:13 – 15:20PM.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence a defendant to any sentence that it may have originally imposed. *See* 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

### A. Defendant White violated the conditions of his probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7).

In this case, the Defendant had accumulated a total of sixteen (16) violations: two (2) pre-trial violations, and fourteen (14) ADC I violations. The court can factually determine that all these violations actually occurred for several reasons. For instance, the Defendant submitted written declarations to most of his positive drug test results, and received laboratory confirmation for his contested positive results. In its factual determination that the Defendant failed to obey all the laws of Guam, the court reviewed the indictments for all four (4) felony cases the Defendant was charged and received violations for in this case. For his absence from the court's supervision, the court refers to the returns of the five warrants issued in this case. Based on the violation reports, the court's record of events, the Defendant's admissions, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

**B. Defendant White's violations warrant revocation of his probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation warrants revocation when the violation upsets the intent of the probation conditions. When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Camacho*, 2009

Guam 6 ¶ 30 (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)). In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *See Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.*

Like the probationer in *Camacho*, the only conditions pending completion were the Defendant's treatment and fine. During the Revocation Hearing, the Defendant argued that he can get back on track with his probation if given the chance, which he has previously done in ADC I before being terminated. *See* Revocation Hr'g Mins. at 3:11:50 – 13:08PM (Apr. 10, 2025). However, the People argued that the court has already afforded him many chances to complete treatment since the court deferred his guilty plea in 2017. *Id.* at 3:14:50 – 15:12PM.

Although deferred, the Defendant pled guilty to POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). So, the substantial requirement imposed as a condition in *this* case was the Defendant's completion of treatment. When imposing treatment as a probationary condition, the purpose of doing so is to achieve sustained sobriety for a defendant. However, sobriety becomes unattainable without the right support. The court gave the Defendant multiple opportunities before considering revocation, such as providing support through the Adult Drug Court as an alternative to imprisonment at DOC. The court acknowledges the Defendant's past progress in ADC I before he was ultimately terminated from the program. Even after transferring the Defendant out of ADC I, the court still deferred acceptance of his guilty plea for another two (2) years.

In his Opposition, the Defendant reasoned that "this is his first violation" after transferring to traditional drug court. Def.'s Opp'n at 5. However, the Defendant neglects the fact that because he went missing from the court's supervision for almost five (5) years – instead of using the additional two (2) years to get back on track with treatment – Probation could not accurately track his progress with sobriety, treatment, or his other conditions. While the court is aware of the difficulties in dealing with addiction, the Defendant cannot expect to overcome his addiction or complete his remaining probationary conditions if he continues absconding from the court's supervision and getting charged in new cases.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violating a probationary condition. 9 GCA § 80.66(a)(2). Instead of revocation, the Defendant requests to "defer the motion to revoke until the two pre-trial case[s] are resolved and to avoid possible double jeopardy issues when revoking probation for an offense in which the Defendant will also face incarceration." Def.'s Opp'n at 6. Although the Defendant states that revocation would raise possible double jeopardy issues, he provides no authority or reason for how the revocation of *this* case would bar or be barred by the subsequent prosecutions of his four (4) subsequent felonies under any of the applicable circumstances under 9 GCA § 1.26.[5]

---

[5] A prosecution of a defendant for a violation of a different provision of the statutes or based on different facts than a former prosecution is barred by such former prosecution under the following circumstances:
    (a) The former prosecution resulted in an acquittal or in a conviction as defined in § 1.24 and the subsequent prosecution is for:
        (1) any offense of which the defendant could have been convicted on the first prosecution;
        (2) any offense of which the defendant should have been tried on the first prosecution under Subsection (b) of § 65.30 of the Criminal Procedure Code unless the court ordered a separate trial of the charge of such offense; or
        (3) the same conduct, unless (A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil, or (B) the second offense was not consummated when the former trial began.

Although he was only charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) and DRIVING WITHOUT A LICENSE (As a Violation) in *this* case, the violent nature of his subsequent cases escalated with each one that was filed; the most recent case being filed this year. While the Defendant believes he can get back on track with Probation if the court gives him one last chance, the Defendant has shown the court the opposite with every chance it has given him since 2016.

Through his request to deny revocation, the Defendant asked this court to allow him the opportunity to "seek in-patient treatment at the Salvation Army Lighthouse Recovery Center." Def.'s Opp'n at 6. Although he has not done so, this court has given the Defendant the chance to seek treatment on his own through facilities like Salvation Army Lighthouse Recovery Center since it first deferred acceptance of his guilty plea back in 2017. In Guam, DOC provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. The court believes that it is in the best interests of the public and will best satisfy the ends of justice in this case to give the Defendant the chance to seek recovery through the RSAT program if sustained sobriety is what he really wants for himself.

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revoking the Defendant's probation will best satisfy the ends of justice and the best interests of the public.

---

(b) The former prosecution was terminated, after the complaint was filed or the indictment found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(c) The former prosecution was improperly terminated, as improper termination is defined in § 1.24, and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

9 GCA § 1.26.

## CONCLUSION

For the reasons stated above, the Court hereby **ENTERS** the Defendant's deferred guilty plea as to the POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) and **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to serve **THREE (3) YEARS** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. A Judgment shall be forthcoming.

No further proceeding is scheduled before this court.

**SO ORDERED** this _____ JUL 0 7 2025 _____.

_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to
_AG, PDSC_____

_____
Date 7·7·25  Time. 4:51pm
Alba Culdep Cm
Deputy clerk, Superior Court of Guam